UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **UNITED STATES OF AMERICA** | **CRIMINAL ACTION** |
| **VERSUS** | **No. 03-0282** |
| **NOAH MOORE** | **SECTION: I** |

### ORDER AND REASONS

Before the Court is a motion for discovery and expansion of the record filed by petitioner, Noah Moore.[1]  The Court will construe this motion as one for production of documents at the government's expense.[2]  Petitioner has requested that he be provided with a copy of the transcript of agent Robert Morton's testimony at Corey Juluke's sentencing hearing.[3]  Petitioner is not entitled to a free copy of a sentencing transcript "solely because he is indigent or because he desires to prepare a petition seeking collateral relief."  *United States v. Watson*, 61 Fed. App'x 919 (5th Cir. 2003) (*citing Smith v. Beto*, 472 F.2d 164, 165 (5th Cir. 1973); *United States v. MacCollom*, 426 U.S. 317, 324-25, 96 S. Ct. 2086, 2091, 48 L. Ed. 2d 666, 674-75

---

[1] R. Doc. No. 199.

[2] The Court construes this filing liberally as it was filed *pro se*.  *See Moore v. McDonald*, 30 F.3d 616, 620 (5th Cir. 1994).

[3] Mot. for discovery at 1.

1

(1976)). Rather, petitioner "is required to demonstrate that the transcript is necessary for the proper disposition of his claims." *Id.* (*citing Harvey v. Andrist*, 754 F.2d 569, 571 (5th Cir. 1985)). Petitioner has not stated the reason for his request of the sentencing transcript or its relationship to his proceeding. Furthermore, petitioner "is not entitled to conduct a 'fishing expedition' to locate possible errors." *Id.* (*citing Jackson v. Estelle*, 672 F.2d 505, 506 (5th Cir. 1982)).[4]

Accordingly,

**IT IS ORDERED** that petitioner's motion[5] is **DENIED**.

New Orleans, Louisiana, April 9, 2008.

 _____
 LANCE M. AFRICK
 UNITED STATES DISTRICT JUDGE

---

[4] The Court notes that the motion, if construed as one for discovery pursuant to Rule 6 of the *Rules Governing Section 2255 Proceedings*, would also not be granted because Rule 6 requires that good cause be shown for an order authorizing discovery to issue. R. Governing § 2255 Proceedings 6 ("A judge may, for good cause, authorize a party to conduct discovery under the Federal Rules of Criminal Procedure or Civil Procedure, or in accordance with the practices and principles of law."); s*ee United States v. Olis*, Civil Action No. H-07-3295, 2008 WL 620520, at *6 (S.D. Tex. Mar. 3, 2008) ("Rule 6 of the Rules Governing § 2255 Proceedings for the United States District Courts grants the court discretion to authorize discovery, upon a showing of good cause."). Petitioner has not provided the Court with any information regarding the necessity of the transcript and, thus, good cause has not been shown.
 The Court also finds no reason to expand the record pursuant to Rule 7 of the *Rules Governing Section 2255 Proceedings*.

[5] R. Doc. No. 199.