UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| UNITED STATES OF AMERICA | CRIMINAL ACTION |
| VERSUS | No. 03-0282 |
| NOAH MOORE  24804-013 | SECTION: I |

### ORDER AND REASONS

Before the Court is a motion for reconsideration filed on behalf of petitioner, Noah Moore.[1] Petitioner asks the Court to reconsider its decision of April 9, 2008, denying his motion for production of documents at the government's expense.[2]

The *Federal Rules of Civil Procedure* do not expressly recognize motions for reconsideration. *Bass v. U.S. Dep't of Agric.*, 211 F.3d 959, 962 (5th Cir. 2000). A motion for reconsideration filed within ten days of the district court's judgment will be recharacterized as a motion to alter or amend the judgment and construed pursuant to Rule 59(e). *Hamilton Plaintiffs v. Williams Plaintiffs*, 147 F.3d 367, 371 n.10 (5th Cir. 1998). A motion for reconsideration filed more than ten days after the judgment is treated as a Rule 60(b) motion for relief from judgment. *Dial One of the Mid-South, Inc. v. Bellsouth Telecomms., Inc.*, 401 F.3d 603, 606 (5th Cir.

---

[1] R. Doc. No. 201.

[2] R. Doc. No. 200.

2005). This motion, mailed on April 21, 2008, was sent within ten days of the Court's order, which was dated April 9, 2008.[3] Accordingly, a Rule 59(e) analysis is appropriate.[4]

A Rule 59(e) motion "serve[s] the narrow purpose of allowing a party to correct manifest errors of law or fact or to present newly discovered evidence." *Waltman v. Int'l Paper Co.*, 875 F.2d 468, 473 (5th Cir. 1989). A district court has "considerable discretion in deciding whether to reopen a case in response to a motion for reconsideration under" Rule 59(e). *Lavespere v. Niagara Mach. & Tool Works, Inc.*, 910 F.2d 167, 174 (5th Cir. 1990).

Petitioner argues that if the Court does not order that the transcript be produced, manifest injustice will occur. Petitioner argues that he cannot fill "the gap" in his trial transcript without access to the testimony of a DEA agent at a different defendant's sentencing hearing.

The transcript was not introduced into evidence at petitioner's trial as it was withdrawn by defense counsel. The transcript is not a part of the record. A review of the cross-examination of Agent Norton reveals that Norton was cross-examined about portions of the defense-prepared transcript. To the extent petitioner is requesting that this Court provide him with a transcript of another proceeding, petitioner has not "demonstrate[d] that the transcript is necessary for the proper disposition of his claims." *United States v. Watson*, 61 Fed. App'x 919 (5th Cir. 2003) (*citing Harvey v. Andrist*, 754 F.2d 569, 571 (5th Cir. 1985)).

For the above reasons and for the reasons expressed in this Court's prior order denying

---

[3] Rule 6 provides the standards for computing time. Fed. R. Civ. P. 6. When the period of time being computed is less than ten days, as it is with determining whether a motion is to be decided pursuant to Rule 59(e), Rule 6 mandates excluding weekends and legal holidays. *Id.* A *pro se* prisoner's filing date turns on the date the *pro se* prisoner delivers the filing to prison authorities for mailing. *See Causey v. Cain*, 450 F.3d 601, 604 (5th Cir. 2006).

[4] Ultimately, a Rule 59(e) analysis is more generous to the party seeking relief, saving the motion from the "exacting substantive requirements" of Rule 60(b). *Lavespere v. Niagara Mach. & Tool Works, Inc.*, 910 F.2d 167, 173-74 (5th Cir. 1990).

the motion for production,[5]

**IT IS ORDERED** that petitioner's motion for reconsideration[6] is **DENIED**.

New Orleans, Louisiana, May 7, 2008.

						_____
						**LANCE M. AFRICK**
						**UNITED STATES DISTRICT JUDGE**

---

[5] R. Doc. No. 200.

[6] R. Doc. No. 201.