UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **UNITED STATES OF AMERICA** | **CRIMINAL ACTION** |
| **VERSUS** | **No. 03-282** |
| **NOAH MOORE** | **SECTION I** |

### ORDER AND REASONS

Before the Court is a motion for reconsideration filed by petitioner, Noah Moore ("Moore"), with respect to the Court's denial of his 28 U.S.C. § 2255 application brought pursuant to Federal Rule of Civil Procedure 60(b). Moore asserts that he is entitled to relief because the government allegedly engaged in fraud during the course of Moore's habeas proceedings. The government has responded to such motion.[1] For the following reasons, petitioner's motion is **DENIED**.

---

[1] The government argues that this Court lacks jurisdiction to adjudicate Moore's motion for reconsideration because Moore had already filed a notice of appeal when he filed the present motion. As the United States Court of Appeals for the Eleventh Circuit has stated:

> [F]ollowing the filing of a notice of appeal district courts do not possess jurisdiction to grant a Rule 60(b) motion. Accordingly, a district court presented with a Rule 60(b) motion after a notice of appeal has been filed should consider the motion and assess its merits. It may then deny the motion or indicate its belief that the arguments raised are meritorious. If the district court selects the latter course, the movant may then petition the court of appeals to remand the matter so as to confer jurisdiction on the district court to grant the motion. The Sixth Circuit has described this procedure as follows:
>
> Where a party seeks to make a motion under Fed.R.Civ.P. 60(b) to vacate the judgment of a district court, after notice of appeal has been filed, the proper procedure is for that party to file the motion in the district court. If the district judge believes there should be relief from the judgment, the district court is to indicate that it would grant the motion. The appellant should then make a motion in this court for a remand of the case so that the district court can grant relief.
>
> *Bovee v. Coopers & Lybrand, C.P.A.,* 272 F.3d 356, 359 n. 1 (6th Cir.2001) (internal citations omitted); *see also Boyko v. Anderson,* 185 F.3d 672, 675 (7th Cir.1999) (same); *Fobian v. Storage Tech. Corp.,* 164 F.3d 887, 890-91 (4th

*BACKGROUND*

On May 20, 2004, a jury found Moore guilty of one count of conspiring to distribute and possessing with intent to distribute more than 100 grams Sof heroin. As Moore is a frequent filer with this Court, the Court is well aware of the facts underlying his criminal case and the collateral proceedings he instituted pursuant to 28 U.S.C. § 2255. As such, the Court will not recite the facts here.

For present purposes, the Court need only note that that Moore argued in his § 2255 application that his trial counsel rendered ineffective assistance by failing to compel the production of recordings of conversations that Moore asserts would have shown that no conspiracy to distribute drugs existed between Moore and Hillary Williams ("Williams"). In response to such argument, the government asserted that, "defendant's alleged statements in these conversations to third parties disavowing any relationship to Hillary Williams would have been directly contrary to the recorded conversations between defendant and Williams that established a conspiracy between them."[2] Making no mention of the government's assertion that such recordings existed, the Court denied Moore's § 2255 application.

Moore now argues that the government engaged in fraud upon the court when it represented in its response to Moore's § 2255 application that recordings of Moore's conversations with Williams existed. The government has filed a response to the motion

---

Cir.1999) (same); *Hoai v. Vo,* 935 F.2d 308, 312 (D.C.Cir.1991) (same); Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, 11 Federal Practice and Procedure § 2873 (2d ed.1997) (discussing the holding of several circuits that "during the pendency of an appeal the district court may consider a Rule 60(b) motion and if it indicates that it is inclined to grant it, application then can be made to the appellate court for a remand," and concluding that "[t]his procedure is sound in theory and preferable in practice").

Mahone v. Ray, 326 F.3d 1176, 1180 (11th Cir. 2003). Because the Court is denying Moore's motion, the Court does not lack jurisdiction to rule upon the motion.

[2] R. Doc. No. 219, pg. 6.

2

currently under consideration, acknowledging that its earlier assertion that recordings of Moore's conversations with Williams existed was a misstatement.

Moore's observation that the government's response to Moore's 2255 application contained a misstatement does not meet the strict standard for establishing fraud on the Court. The United States Court of Appeals for the Fifth Circuit considered a substantially similar issue in *Estrada v. Dretke*, 162 Fed. App'x 292 (5th Cir. 2006). As the Fifth Circuit stated in *Estrada*:

> [Petitioner] argues that the Respondent committed a fraud on the court when he alleged in his brief that [petitioner] had signed a judicial confession to aggravated sexual assault, when the state court record introduced by the Respondent shows that [petitioner] had not signed it. The district court determined that the Respondent's misstatement did not amount to fraud on the court. "To establish fraud on the court, it is necessary to show an unconscionable plan or scheme which is designed to improperly influence the court in its discretion." *Fierro,* 197 F.3d at 154. . . . [Petitioner] has failed to demonstrate, by clear and convincing evidence, that the Respondent perpetrated a fraud on the courts. *See Kinnear-Weed Corp. v. Humble Oil & Refining Co.,* 441 F.2d 631, 636 (5th Cir.1971).

Like the petitioner in *Estrada*, Moore has failed to demonstrate by clear and convincing evidence that the government has perpetrated a fraud on this Court. Moore has merely shown that the government's response to his § 2255 application contains a misstatement. Moore presents no argument or evidence whatsoever that such misstatement shows an unconscionable plan or scheme which was designed to improperly influence this Court in its discretion.

## CONCLUSION

Accordingly, **IT IS ORDERED** that Moore's motion for reconsideration is **DENIED**.

**IT IS FURTHER ORDERED** that Moore's motion for leave to file a reply in excess of the page limitations set forth in the Local Rules is **GRANTED**.

New Orleans, Louisiana, May ___11th___, 2011.

_____
LANCE M. AFRICK
UNITED STATES DISTRICT JUDGE

3